# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAFAYETTE DIVISION

| | |
|---|---|
| **STEPHEN BRIDGEWATER** | **CASE NO. 6:23-CV-00804** |
| **VERSUS** | **JUDGE ROBERT R. SUMMERHAYS** |
| **PROGRESSIVE INSURANCE CO** | **MAGISTRATE JUDGE CAROL B. WHITEHURST** |

## REPORT AND RECOMMENDATION

Before the Court is Plaintiff's Motion to Remand. (Rec. Doc. 10). Defendant, Progressive Paloverde Insurance Company, opposed the Motion (Rec. Doc. 14). The Motion was referred to the undersigned magistrate judge for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of this Court. Considering the evidence, the law, and the arguments of the parties, and for the reasons fully explained below, the Court recommends that Plaintiff's motion be denied.

## Factual Background

Plaintiff filed this suit in April 2023 in state court against Progressive, his uninsured/underinsured motorist (UM) insurer, following a car accident allegedly caused by an unknown driver who fled the scene. (Rec. Doc. 1-1, p. 6). Within thirty days of service, Progressive removed the suit to this court in June 2023 based on diversity jurisdiction under 28 U.S.C. §1332. (Rec. Doc. 1). In support of its removal

and that the amount in controversy exceeded the jurisdictional threshold of $75,000, Progressive attached Plaintiff's counsel's April 16, 2022 demand letter to settle for $100,000. (Rec. Doc. 1-5). In the demand letter, Plaintiff's counsel advised Progressive that, as a result of the accident, Plaintiff

> …suffered severe injuries to many parts of his body. He sustained a major blow to his head, which caused lacerations to face and forehead. He also sustained a traumatic brain injury that significantly complicated his psychiatric state and exacerbated his symptoms of psychiatric disorder.

(Rec. Doc. 1-5).

The demand letter further advised that Plaintiff was hospitalized later that day and overnight with cognitive issues and that, due to his injuries, he was unable to work and was forced to abandon his post-doctorate program. By the time of the demand letter, Plaintiff had apparently been out of work for nearly a year and unable to obtain any employment. By that time, his medical expenses totaled $34,595.86. (*Id.*) Nonetheless, Plaintiff moved to remand the case on the grounds that Progressive failed to show the amount in controversy exceeds $75,000.

## Law and Analysis

### I. Law Applicable to Subject Matter Jurisdiction and Removal.

The federal district courts have original jurisdiction over cases in which the parties are diverse in citizenship and the amount in controversy exceeds $75,000, pursuant to 28 U.S.C. §1332. 28 U.S.C. §1441 and §1446 provide the procedural

mechanism by which a party may remove a matter from state court to a federal district court.

Generally, upon the filing of a motion to remand, the removing party bears the burden to prove by a preponderance of the evidence that federal jurisdiction exists. *De Aguilar v. Boeing Co.,* 47 F.3d 1404, 1408 (5th Cir. 1995). Thus, Progressive, as the party seeking to invoke federal diversity jurisdiction under §1332, bears the burden of establishing both that the parties are diverse and that the amount in controversy exceeds $75,000. *Garcia v. Koch Oil Co. of Texas Inc.,* 351 F.3d 636, 638 (5th Cir. 2003).

## II. **Whether Defendants have met their burden to show the amount in controversy exceeds $75,000.**

Plaintiff's sole challenge to diversity jurisdiction regards Progressive's showing that the amount in controversy exceeds $75,000.

> We ordinarily consult the state court petition to determine the amount in controversy. *St. Paul Reinsurance Co., Ltd. v. Greenberg,* 134 F.3d 1250, 1253 (5th Cir.1998). However, Louisiana prohibits plaintiffs from petitioning for a specific monetary amount. *See* La.Code Civ. P. art. 893(A)(1). Therefore, where, as here, the petition does not include a specific monetary demand, Prudential must establish by a preponderance of the evidence that the amount in controversy exceeds $75,000. *See De Aguilar,* 47 F.3d at 1412 (5th Cir.1995). This requirement is met if (1) it is apparent from the face of the petition that the claims are likely to exceed $75,000, or, alternatively, (2) the defendant sets forth "summary judgment type evidence" of facts in controversy that support a finding of the requisite amount.

*Manguno v. Prudential Prop. & Cas. Ins. Co.,* 276 F.3d 720, 723 (5th Cir. 2002).

"[O]nce a defendant is able to show that the amount in controversy exceeds the jurisdictional amount, removal is proper, provided plaintiff has not shown that it is legally certain that his recovery will not exceed the amount stated in the state complaint." *De Aguilar v. Boeing Co.,* 47 F.3d at 1412. The plaintiff may establish that his claims will not exceed the jurisdictional threshold to a legal certainty "by identifying a statute, or by filing a binding stipulation, that so limits her recovery." *Manguno*, 276 F.3d at 724.

The jurisprudence is well-settled that the Court may consider pre-suit demand letters seeking more than $75,000 as evidence of the amount in controversy, especially when, as here, the petition does not identify an amount of damages. See e.g. *St. Paul Reinsurance Co. v. Greenberg,* 134 F.3d 1250, 1254 (5th Cir.1998); *Hammel v. State Farm Fire & Cas. Co.,* No. 06–7470, 2007 WL 519280, at *4 (E.D.La. Feb. 14, 2007); *Molina v. Wal-Mart Stores Texas, L.P.,* 535 F. Supp. 2d 805, 808 (W.D. Tex. 2008); *Carver v. Wal-Mart Stores, Inc.*, No. 08-42, 2008 WL 2050987 (E.D. La. May 13, 2008); *Fairchild v. State Farm Mut. Automobile Ins. Co.*, 907 F. Supp. 969 (M.D. La. 1995); *Mills v. Acad. Ltd.,* No. 3:20-CV-01497, 2021 WL 957271, at *3 (W.D. La. Feb. 25, 2021), *report and recommendation adopted,* No. 3:20-CV-01497, 2021 WL 950664 (W.D. La. Mar. 12, 2021)

Plaintiff attempts to distinguish this case from those such as the foregoing by arguing that there has been no discovery or stipulations and that medical expenses

4

"are only $34,595.86." (Rec. Doc. 10-1, p. 2-3). Plaintiff characterizes his pre-suit demand letter as "only one piece of shaky evidence," which is insufficient to satisfy the amount in controversy requirement. The Court disagrees. Plaintiff's argument fails to recognize his implicit acknowledgment that the amount in controversy exceeds $75,000, as evidenced by his $100,000 demand. Plaintiff's argument further ignores the contents of his own demand letter which, in addition to medical expenses, also claims nearly a year of lost-wages and general damages stemming from an alleged traumatic brain injury and the stress of having to abandon his post-doctorate program. The demand letter amply shows that the amount in controversy satisfies the jurisdictional threshold. Progressive satisfied its burden that removal was proper.

## **Conclusion**

For the reasons discussed herein, the Court recommends that Plaintiff's Motion to Remand (Rec. Doc. 10) be DENIED.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. §636(b)(1).

THUS DONE in Chambers, Lafayette, Louisiana on this 14th day of August, 2023.

**CAROL B. WHITEHURST**
**UNITED STATES MAGISTRATE JUDGE**